UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID MATAN,<br><br>                Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA JO BONDI, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; and CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>                Respondents. | Case No.: 26-cv-0024-JES-DDL<br><br>**ORDER GRANTING PETITION**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Khalid Matan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on January 4, 2026. ECF No. 1 ("Pet."). Petitioner also filed a motion for a temporary restraining order ("TRO") on January 4, 2026. ECF No. 2 The Petition and TRO have been fully briefed by the parties. ECF Nos. 8, 9. For the reasons set forth below, the Court **GRANTS** the Petition on due process and regulatory grounds, and **DENIES** the motion for TRO as moot.

1

## I.  BACKGROUND

Petitioner is a citizen of Somalia who fled his home country due to civil war. Pet. at 1. Petitioner entered the United States seeking asylum on December 2, 2015. *Id.* Petitioner was on bond during his asylum proceedings and appeal. *Id.* In June of 2018, an immigration judge entered an order denying petitioner's asylum claim and granting withholding of removal to Somalia. *Id.* Petitioner appealed the denial, and the Board of Immigration Appeals dismissed his appeal on April 18, 2018. ECF No. 8 at 2.

On December 12, 2022, Petitioner married his wife, who is a U.S. Citizen. Pet. at 1. She filed a family petition for Petitioner in November of 2023 which is still pending. *Id.*

At different times following the entry of Petitioner's final order of removal, he has been subject to parole with bond, the Compliance Assistance Reporting Terminal, and, most recently, the Alternatives to Detention program with an ankle monitor. ECF No. 8 at 2. On December 17, 2025, Petitioner was arrested by ICE at a check in. Pet. at 1. ICE presented Petitioner with a Notice of Revocation which he refused to sign, and then took the notice away. *Id.* Petitioner states that he has not been told why his release was revoked, given a chance to explain why release should not be revoked, or had the opportunity to meet with ICE about his potential removal. *Id.* Respondents assert that Petitioner was given an informal interview. ECF No. 8 at 6.

## II.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges

2

to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

Petitioner argues that his continued detention without an individualized finding of justification violates Respondent's regulations and the Due Process clause, and that his continued detention violates the standards set forth in *Zadvydas*. *See* Pet.; 633 U.S. at 687. The Court discusses these arguments in turn below.

### A. Due Process and Regulatory Claims

Petitioner argues that he was not provided adequate notice or opportunity to be heard in violation of the Fifth Amendment's Due Process clause and Respondents' own regulations. Pet. at 7. The Court agrees.

When the government grants a noncitizen parole or supervised release, it creates a protected liberty interest subject to due process clause protection. *See Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629 (S.D. Cal. Sept. 26, 2025). These protections include at least notice and an opportunity to be heard regarding the revocation. *Id.*; *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that 'a person in jeopardy of a serious loss [be given] notice of the case against him and the opportunity to meet it.'"). In *Saengphet v. Noem*, this Court ruled that notices revoking protected liberty interests are constitutionally inadequate when they lack individualized explanations of the changed circumstances giving rise to revocation. No. 3:25-CV-2909-JES-BLM, 2025 WL 3240808, at *5 (S.D. Cal. Nov. 20, 2025). Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient. *See Sanchez*, 2025 WL 2770629 at *3; *Ying Fong v. Ashcroft*, 317 F. Supp. 2d 398, 403 (S.D.N.Y. 2004) ("The opportunity to be heard must be meaningful, that is, an opportunity granted at a meaningful time and in a meaningful manner."). A detainee's opportunity to be heard is not meaningful if the detainee has not

26-cv-0024-JES-DDL

been informed of the circumstances of his revoked release in a manner sufficient to allow his response. *Sarail A. v. Bondi*, No. 25-CV-2144-ECT-JFD, 2025 WL 2533673, at *10 (D. Minn. Sept. 3, 2025).

Just as the Constitution requires adequate notice and opportunity to be heard prior to the revocation of a protected liberty interest, so too do Respondent's own regulations governing such revocation. *See Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-CV-2111-JES-DEB, 2025 WL 2988356 (S.D. Cal. Oct. 23, 2025); *Nguyen v. Noem,* No. 25-CV-3062-JES-VET, 2025 WL 3251374, at *3 (S.D. Cal. Nov. 21, 2025). Supervised release and any revocation of such release thereafter is governed by either 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. *Diaz v. Wofford*, No. 1:25-CV-01079 JLT EPG, 2025 WL 2581575, at *4 (E.D. Cal. Sept. 5, 2025).  As this Court analyzed in *Bui* and *Ngyuen*, both statutes require adequate notice of the reasons for the revocation of release and a prompt initial informal interview to afford the alien an opportunity to respond to the reasons given in the notice. *Nguyen*, 2025 WL 3251374, at *3. Conclusory assertions that a detainee can be removed from the United States are insufficient to meet the notice and opportunity to be heard requirements of the U.S. Constitution and the governing regulations promulgated by Respondents' agencies. *Id.*; *Sanchez*, 2025 WL 2770629, at *3; *Saengphet*, 2025 WL 3240808, at *5.

Here, Petitioner was given a Notice of Revocation of Release dated December 18, 2025, which contained the following language:

> ICE has determined that you can be expeditiously removed from the United States pursuant to the outstanding order of removal against you. ICE is currently working to obtained [*sic*] a valid travel document for your removal.

> Based on the above, and pursuant to 8 C.F.R. § 241.13(i)(2), your release on an order of supervision will be revoked today and you will be taken into ICE custody. You will be afforded an informal interview today at which you will be given an opportunity to respond to the reasons for the revocation. You may submit any evidence or information you wish to be reviewed in support of your release.

26-cv-0024-JES-DDL

ECF No. 8-2 at 6. This language is substantially similar to language from other notices that this Court and courts in this Circuit have held to be insufficient. *See Nguyen*, 2025 WL 3251374, at *3 (S.D. Cal. Nov. 21, 2025) (finding notice informing detainee that he could be expeditiously removed insufficient); *Saengphat*, 2025 WL 3240808, at *7 (S.D. Cal. Nov. 20, 2025) (finding similar language in notice to be too "conclusory" to provide adequate notice); *McSweeney v. Warden of Otay Mesa Det. Facility*, No. 3:25-CV-02488-RBM-DEB, 2025 WL 2998376, at *5 (S.D. Cal. Oct. 24, 2025) (holding that language in notice stating that "ICE has determined that you can be expeditiously removed from the United States pursuant to an outstanding order of removal" was "conclusory and unclear" and failed to provide adequate notice of the basis of the revocation decision); *J.L.R.P., v. Wofford et al.*, No. 1:25-CV-01464-KES-SKO (HC), 2025 WL 3190589, at *7 (E.D. Cal. Nov. 14, 2025) (holding that same language in the notice of revocation of release "did not provide any specific changed circumstance applicable to petitioner"). The notice is thus inadequate under both the U.S. Constitution and Respondents' regulations.

As to the informal interview, the parties contest whether such an interview occurred. *See* Pet. at 2; ECF No. 8 at 6. Based on the conclusory nature of the notice of revocation and lack of apparent individualized findings, the Court declines to assume that an interview occurred which met the requirement of the constitutions and Respondents' own regulations. *See Sanchez* 2025 WL 2770629, at *4 (S.D. Cal. Sept. 26, 2025) (declining to presume constitutionality of interview considering lack of enumerated changed circumstances in case).

Because Respondents did not meet their obligations to revoke Petitioner's supervised release under the Due Process Clause and their own regulations, the Court **GRANTS** the petition on these grounds.

## IV.   CONCLUSION

For the reasons stated above, Petitioner's Writ of Habeas Corpus is **GRANTED** on statutory and due process grounds regarding the means of revocation of his release. Because the requested release available on habeas is granted, Petitioner's remaining claims

26-cv-0024-JES-DDL

and his motion for a TRO are **DENIED** as moot. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to his prior conditions of release. The Parties are **ORDERED** to file a Joint Status Report no later than **5:00 p.m.** on **January 21, 2026**, confirming that the Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

      **IT IS SO ORDERED.**

Dated: January 20, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

26-cv-0024-JES-DDL